*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br>Named Involuntary Petitioner<br>STEVEN WAYNE BONILLA | Misc. File No. 19-202 |

**MEMORANDUM OPINION AND DECISION ON MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024**

On August 22, 2019, this court entered its Order concerning the ninety-eight (98) Involuntary Bankruptcy Petition Forms (Form 105s) delivered to this court by Steven Wayne Bonilla. Order, Dckt. 121. The Form 105s name various federal and state judges and justices as the target debtors ("Form 105 Targets") for the involuntary bankruptcy cases Mr. Bonilla seeks to commence. The court provided a thirty-nine (39) page Memorandum Opinion and Decision and Order thereon addressing the Form 105s, the requirements for a person to qualify to commence involuntary bankruptcy cases, and the non-bankruptcy issues Mr. Bonilla was presenting to the court. Dckt. 120.

On September 6, 2019, Mr. Bonilla filed with the court a document titled "In Response to The Court Order Filed on August 22, 2019." The court having issued its order on August 22, 2019, there is no further briefing or arguing those issues with the court. Therefore, there is no "Response" to be filed.

Reviewing this document, the court construes it to be in the nature of a Motion for Relief From the Prior Order as permitted under Federal Rule of Civil Procedure 60(b), as incorporated by Federal Rule of Bankruptcy Procedure 9024. The court considers this document as such a request

pursuant to Federal Rule of Civil Procedure 60(b).[1]

**REQUIREMENTS FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b).**

The court reconsidering or vacating a judgment or order is governed by Federal Rule of Civil Procedure 60(b), as made applicable in this case by Federal Rule of Bankruptcy Procedure 9024, which incorporates minor modifications that do not apply here. Grounds for relief from a final judgment, order, or other proceeding are limited to:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying in prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The court uses equitable principles when applying Rule 60(b)Fed. R. Civ. P. 60(b). *See* 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2857 (3rd ed. 1998). A precondition to the granting of such relief is that the movant show that he or she has a meritious claim or defense. *See* 12-60 MOORE'S FEDERAL PRACTICE CIVIL § 60.24; *Brandt v. American Bankers Insurance Company of Florida*, 653 F.3d 1108, 111 (9th Cir. 2011); *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984) ("We agree with the Third Circuit that three factors should be evaluated in considering a motion to reopen a default judgment under Rule 60(b): (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *See Gross v. Stereo Component Systems*,

[1] Though the Request for Relief was filed on September 6, 2019, due to the personal and judicial commitments of the judge, as well as unanticipated judicial administrative matters for the District, the court had not been able to dedicate focused time to consider what Mr. Bonilla has provided until late in September 2019. As with the Memorandum Opinion and Decision and Order Thereon (Dckt. 120), the issues are complex and have been given proper consideration.

700 F.2d 120, 122 (3d Cir. 1983) (*"Gross"*); *see also United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)(adopting Third Circuit test.)").

Additionally, the Ninth Circuit Court of Appeals has instructed in *Aurich American Insurance Company v. International Fibercom, Inc. (In re International Fibercom, Inc.*) 503 F.3d 933, 941 (9th Cir. 2007):

> We have stated in the past that Rule 60(b)(6) should be "liberally applied," *Hammer*, 940 F.2d at 525, "to accomplish justice." *Yanow v. Weyerhaeuser S.S. Co.*, 274 F.2d 274, 284 (9th Cir. 1959) (quoting *Klapprott v. United States*, 335 U.S. 601, 615, 69 S. Ct. 384, 93 L. Ed. 266 (1949)). At the same time, "[j]udgments are not often set aside under Rule 60(b)(6)." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Rather, Rule 60(b)(6) should be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

**GROUNDS STATED IN SEPTEMBER 8, 2019**
**FILED MOTION TO RECONSIDER "RESPONSE"**

Mr. Bonilla's Motion to Reconsider "Response" document is eighty-two (82) pages in length. The first twenty (20) pages are his arguments, which are then supported by sixty-two (62) pages of exhibits. The court summarizes Mr. Bonilla's arguments as follows:

A. The relief sought from this bankruptcy court by Mr. Bonilla is stated to be:

> "When the [Form 105 Targets] are required to perform an act of which the law recognizes as a duty the creditors have a legal right to seek a remedy for the breach of those duties, as well as a remedy for damages, under contract Law. Which this Honorable Court is required to enforce under the Equal Protection of Law Clause of the Fourteenth Amendment."

Response at p. 2:7-13, Dckt. 123.

B. With respect to the issues between Mr. Bonilla and the From 105 Targets, Mr. Bonilla states:

> Pursuant to case Law holdings in *Macmillan v. Griffin*, 99 Cal.App. 2d 523, 222 P.2d 69; 1950 Cal. App. LEXIS 1740] , the law clearly recognizes the duty of the judge to declare a judgment void, if the parties admit or stipulate, or fail to object to the evidence of the facts showing a lack of jurisdiction, it is then established that the judgment is void as effectively as though shown by the record; and whenever

> such fact is brought to the attention of the judge, it is the judge's duty to declare the judgment void as a matter of law.

*Id.*, p. 2:14-22.

C. Mr. Bonilla states that the law provides that where the parties have stipulated or admitted facts showing a lack of jurisdiction, an order is void, and when that is brought to the attention of a judge, it is the judge's duty to declare the order void as a matter of law. *Id.* at p. 2:23-26.

D. Thus, Mr. Bonilla concludes that because he believes that all of the federal and state judges and justices were shown that the State Court which issued his conviction was "without jurisdiction," each had an obligation to declare that conviction void. *Id.* at pp. 2:27-28, 3:1. This is based on Mr. Bonilla having sent each of the judges a copy of the FBI agents admission that there was no federal grand jury subpoena. *Id.* at p. 3: 2-4.

E. Based on the above assertion that there was no subpoena, then the State Court had no jurisdiction to enter his conviction for violation of the State criminal laws. *Id.* at p. 3:4. When presented with this FBI "admission," each federal and judge and justice had an obligation to declare his criminal conviction void. *Id.* at p. 3:6-13.

F. Additionally, Mr. Bonilla asserts that he provided each of the Form 105 Targets with the State Attorney General's admission that the alleged federal grand jury subpoena was not made a part of the State Court trial record in the case which resulted in his conviction, which shows a lack of jurisdiction of the State Court. *Id.* at p. 3:14-20.

G. Because there was a lack of State Court jurisdiction in the action in which his criminal conviction was entered, the various state and federal judges and justices who are the Form 105 Targets have,

> [c]learly violated statutory law, my Constitutional rights, their oath of office, due to them being bias/prejudice, against pro se, indigent, minority prisoners, are the reasons why they are being forced into bankruptcy to do the specific performance of declaring the judgment void or declaring the state judge's order void, as a duty recognized by by [sic] law that is owed to the Petitioner, Steven Wayne Bonilla/me."

*Id.* at p. 3:21-28, 4:1-2.

H. Mr. Bonilla asserts that he is not requesting that the court order him released or to vacate the State Court conviction. *Id.* at p. 4:3-4. Further, Mr. Bonilla is asserting that he is not requesting that this bankruptcy court declare his State Court conviction void. *Id.* at p. 4:20-23.[2]

---

[2] This statement is contradicted by the demands for relief asserted in the further pleading filed by Mr. Bonilla on September 23, 2019, which is the subject of a separate Memorandum Decision and Order of this court. In that pleading for "Expedited Review of Fraud Committed on the Court" (Dckt. 126), Mr. Bonilla expressly requests that the judge of the Bankruptcy Court to (identified by the paragraph number in the pleading):

> "(4) The [bankruptcy court] to grant damages against all actors to include performance of the owning debtors/judges, and/or order actors/agents to abide by the law/as a matter of law and declare the judgment [the State Court criminal conviction] void." Dckt. 126, p. 6.
>
> "(5) The [bankruptcy court] to order [Mr. Bonilla's] immediate release, due to the verified factors put forth in this petition, as a matter of well established law and in the interest of justice or make it part of the relief owed to the Petitioner by the debtors/judges." *Id.*
>
> "(7) The [bankruptcy court] to order the proper investigation into all afore stated unlawful/unconstitutional violations, while acting under the Color of Law/Authority." *Id.*
>
> "(8) To grant any and all further relief/damages which are fair-just and proper by this [bankruptcy court] for the false imprisonment of [Mr. Bonilla] for the past 23 years." *Id.*
>
> "(1) To declare [the State Court criminal conviction] VOID and grant [Mr. Bonilla's immediate release." *Id.*, p. 10.
>
> "(2) To investigate and prosecute BIAS/PREJUDICE actors of the Conspiracy." *Id.*
>
> "(1) To declare the [State Court criminal conviction] VOID and grant [MR. Bonilla's immediate release." *Id.*, Dckt. p. 13.
>
> "(2) To investigate and prosecute the BIAS/PREJUDICE defendants/judges." *Id.*

As clearly stated by Mr. Bonilla, he is seeking to have this bankruptcy court adjudicate his assertions that the criminal conviction is improper and void, issue mandatory injunctions for the Form 105 targets to declare the State Court criminal conviction void, issue a mandatory

I. The state and federal judges and justices who failed to declare his State Court conviction void have "[f]ailed/refused or neglected to do their statutory, contractual duty was a breach of contract or a duty arising out of a statutory law, is the reason for the action raised in the Bankruptcy Court." *Id.* at p. 4:11-14.

J. Mr. Bonilla asserts that the state and federal judges and justices that are the Form 105 Targets had a statutory duty to act based on his showing of a lack of jurisdiction for the State Court action in which his conviction was entered. *Id.* at p. 5:10-12.

K. With respect to his assertion that a defense of judicial immunity cannot be asserted against his claims,

> "To clarify this misunderstanding of my claim, I will start by citing Case law [51 Ariz. 220, 75 P.3d 689], a judge must act within his jurisdiction as to the subject matter and person to entitle him to immunity for his actions.
>
> Citing Case Law, [552 F.3d 172], judicial immunity is available only where the judge has jurisdiction. Although immunity exists when jurisdiction is present even though the judge acts in excess of that jurisdiction, it is not available when he acts in clear absence of all jurisdiction."

*Id.* at p. 6:9-17.

L. That if a judge does not have subject matter jurisdiction, then a trial judge has no power to act and any judgment or order entered by such judge without subject matter jurisdiction is void. *Id.* at p. 6:10-26.

M. Mr. Bonilla continues, asserting that a reviewing judge, of a proceeding conducted in another court, has only limited jurisdiction to reverse[3] the other court's judgment, but

---

injunction for the State of California to release him from incarceration, and either issue a mandatory injunction for others to undertake, or this bankruptcy court itself to undertake, the investigation and prosecution of all persons that Mr. Bonilla believes have violated his rights. Such are well beyond the limited scope of jurisdiction of the bankruptcy court and the bankruptcy judges as established by Congress in 28 U.S.C. § 1334 and § 157.

[3]The court reads the reference to "reverse," which is what an appellate court would do, to be declare void.

does not have "subject matter" jurisdiction for the proceeding in which the review is sought. *Id.* at pp. 6:26-28, 7:1-4.

N. Further, since the various state and federal judges and justices from whom Mr. Bonilla has sought relief cannot show that there was a subpoena or that it was admitted as an exhibit, cannot claim judicial immunity if they fail to exercise their limited jurisdiction to declare the State Court conviction void.

O. Mr. Bonilla discusses for several pages the fraud he asserts was committed on the State Court in the action in which his criminal conviction was entered. Further, this alleged fraud "VITIATES EVERYTHING." (emphasis in original).

P. Mr. Bonilla further asserts that the state and federal judges and justices who are the Form 105 Targets "[i]ntentionally made erroneous rulings with the specific intent to deprive [Mr. Bonilla] of due process, due to them being BIAS/PREJUDICE against *pro se*, indigent, minority prisoners, like [Mr. Bonilla]." *Id.* at pp. 10:26-28, 11:1.

Q. For his claims against the Form 105 Targets, he summarizes (provided in greater detail in the petition attached to the Response) that:

1. Since the State Court conviction is void for lack of jurisdiction,
2. And the state and federal judges and justices shown that there was a lack of State Court jurisdiction for his conviction.
3. And shown that there was a civil conspiracy to defraud the State Court.
4. Each of the Form 105 Targets have a duty to declare the conviction void.
5. If a judge lacks jurisdiction or in violation of valid statutes or case law, he/she loses judicial immunity. Mr. Bonilla cites to *Bradley v. Fisher*, 80 U.S. 335 (1871). The Supreme Court in *Bradley* concludes with the following statement concerning judicial immunity:

> The exemption of judges of the superior courts of record from liability to civil suit for their judicial acts existing when there is jurisdiction of the subject-matter, though irregularity and error attend the exercise of the jurisdiction, the exemption cannot be affected by any consideration of the motives with which the acts are done. The allegation of malicious or corrupt motives could always be made, and if the motives could be

> inquired into judges would be subjected to the same vexatious litigation upon such allegations, whether the motives had or had not any real existence. Against the consequences of their erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort. But for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction, the judges of these courts can only be reached by public prosecution in the form of impeachment, or in such other form as may be specially prescribed.

*Bradley v. Fisher*, 80 U.S. 335, 354 (1871). If jurisdiction existed for the matter before the court (such as here, where Mr. Bonilla states that the court has the jurisdiction to declare his state court conviction void), such decision if disagreed with is not the basis for attacking the judge civilly, but must be remedied as provided by law - here an appeal.

6. If a judge acts in the exercise of "unconferred jurisdiction" then that subjects him or her to personal liability, citing *Turner v. Raynes*, 611 F.2d 92, 95 (5th Cir. 1980). *Id.* at p. 12:12-25. The holding in *Turner* is consistent with that in *Bradley*, with the Fifth Circuit applying the broad reach of judicial immunity even to a state justice of the peace, even when the plaintiff was asserting a civil rights violation over being convicted of a "nonexistent crime." The Fifth Circuit considered the "unconferred jurisdiction" as being one in which someone with the title of judge acted outside of the jurisdiction of his or her judgeship, stating:

> Searching for clues to the Court's position, however, we cannot ignore another possible reading of footnote 7: that only a clearly inordinate exercise of unconferred jurisdiction by a judge one so crass as to establish that he embarked on it either knowingly or recklessly subjects him to personal liability. Probate judges, bankruptcy judges, and like special-purpose magistrates presumably should know, without being driven to fine distinctions, that they are not to sit in criminal matters.

*Turner v. Raynes*, 611 F.2d 92, 95 (5th Cir. 1980). Thus, if the judge has the power to act, then immunity exists, even when the judge determines not to

grant the relief requested.[4]

7. Mr. Bonilla repeatedly cites the court to the argument that when the judge "has NO Jurisdiction at all in the particular case" then the judge can be liable for damages to the person against whom the judicial power was exercised if the judge had no jurisdiction. *See Id.* at pp. 12:26, 13:1-3.

8. Mr. Bonilla's arguments circle back to his assertion that since the subpoena had not been introduced into evidence, then necessarily the trial judge in his State Court criminal matter could not have had jurisdiction to enter the conviction therein and all other judges have no jurisdiction to do anything other than declare that the criminal conviction is void. He continues to argue that other rights he has have been violated. *See Id.* at pp. 13:24-28, 14:1-11.

9. Mr. Bonilla then seeks to assert claims arising under federal law (cited as 18 U.S.C. § 04), asserting that the various judges have committed the crime of misprison of a felony by allowing the asserted fraud upon the court in his State Court criminal conviction to go unaddressed. He further asserts that such is "TREASON TO THE CONSTITUTION." *Id.* at pp. 16:19-28, 17:1-8 (emphasis in original).

10. Mr. Bonilla then asserts that since he has brought to the attention of the various judges and justices the alleged violation of 18 U.S.C. § 04, their failure to act causes each of the judges to be liable to him. Further, that the failure to exercise jurisdiction as he has demanded is actionable[5]. *Id.*

11. Mr. Bonilla asserts that Federal Rule of Bankruptcy Procedure 1006 allowing

---

[4]It is interesting that the case Mr. Bonilla cites expressly recognizes that certain judges, like bankruptcy judges, have a more limited scope of the exercise of federal court jurisdiction, as opposed to district court judges in the federal system and superior court judges (who are the true expansive general jurisdiction judges for state law matters) in the California judicial system.

[5] By this Mr. Bonilla is again admitting that the various Form 105 Targets had jurisdiction to act, and as such, were still clothed with judicial immunity notwithstanding their failure to agree with Mr. Bonilla.

for waiving of a filing fee for the filing of a voluntary bankruptcy petition by an individual does not by negative implication mean that the fee cannot be waived for an involuntary petition. Mr. Bonilla cites the court to 28 U.S.C. § 1915 for the waiving of a filing fee for an indigent prisoner. *Id.* at pp. 18:19-28, 19:1-4.

12. Mr. Bonilla further asserts a violation of federal criminal law 18 U.S.C. § 241 arises due to the conspiracy to deprive him of his federal Constitutional Rights. *Id.* at p. 19:19-28, 20:1-10.

**RULING ON MOTION FOR RELIEF FROM PRIOR ORDER**

The court has considered the request to determine what error, if any, was made in the prior order to not file the ninety-eight (98) involuntary bankruptcy petitions. The court has not identified any error.

As is clear in this Motion to Reconsider, as was in his original Response, Mr. Bonilla is seeking to have this court adjudicate his assertions that the State Court conviction is void for lack of jurisdiction. This is the fundamental legal issue at the claims he tries to construct. As the Fifth Circuit Court of Appeals has stated, judges in speciality courts exercising a narrower scope of federal court jurisdiction need to "stay in their lanes."

Beginning with the assertion by Mr. Bonilla that he has standing to commence ninety-eight (98) involuntary bankruptcies, the court reviewed in the prior Memorandum Opinion and Decision and Order Thereon (Dckt. 120) the basic statutory requirements found in 11 U.S.C. § 303(b). Mem. Op. and Dec., p. 12:10-23. To have standing to commence an involuntary case the creditor must have a claim (obligation to be paid money) that is:

(1) Not contingent as to liability

(2) Not subject to *bona fide* dispute as to liability

(3) Not subject to *bona fide* dispute as to amount

While Mr. Bonilla argues passionately that there can be no *bona fide* dispute and no claim of judicial immunity because all of the judges and justices lacked jurisdiction to no act, but only had jurisdiction to issue the order he demanded, he admits that they had jurisdiction to act. He

necessarily admits that they can assert judicial immunity as a defense to such claims as he seeks to assert. Further, there is no amount identifiable as being owed, but only the $3,000,000,000 amounts asserted.

The more strenuously Mr. Bonilla argues that there can be no *bona fide* dispute because all of the ninety-eight (98) judges and justices cannot claim judicial immunity because they each lacked jurisdiction to do anything other than grant the relief he demanded, the more Mr. Bonilla highlights that there is necessarily a *bona fide* dispute as demonstrated by the court's denying the relief requested. If jurisdiction exists, it exists to grant or not grant relief requested.

Additionally, as is well shown by Mr. Bonilla's arguments in the Motion to Reconsider, he is seeking to have this court adjudicate that his State Court criminal conviction is void and must be set aside. That is well beyond the scope of a federal bankruptcy judge. Framing it as having civil claims based on the assertion that the criminal conviction is void necessarily would require this court to go beyond the jurisdiction of the federal bankruptcy court and adjudicate criminal law issues.

**Non-Waiver of Involuntary Bankruptcy Filing Fees**

Mr. Bonilla directs the court back to 28 U.S.C. § 1915, asserting that when the Supreme Court in Federal Rule of Bankruptcy Procedure 1006 limited the fee waiver to voluntary cases by an individual such does not really limit such when it comes to an indigent prisoner. While referencing this general provision relating to filing fees, Mr. Bonilla misses the specific statute enacted by Congress with respect to filing fees in bankruptcy cases and the waiving thereof - 28 U.S.C. § 1930.

In 28 U.S.C. § 1930(a)(1) Congress first states that parties commencing a bankruptcy case shall (not may) pay the filing fee of $245.00 for commencing a Chapter 7 case. Congress then creates an exception to the above shall requirement, providing that the Judicial Conference of the United States shall proscribe the procedures by which a district court or a bankruptcy court may waive the filing fee for:

(1) an individual;

(2) if that individual has an income less than 150 percent of the income official poverty line, and the individual cannot pay in installments; and

(3) that the court may waive for such debtor other fees proscribed under 28 U.S.C.

§ 1930(b) and (c).

28 U.S.C. § 1930(f). This is the specific statute directly on point. The court addressed in the prior Memorandum Opinion and Decision and Order Thereon (Dckt. 120) the various rules, regulations, and procedural requirements that tie the waiver to the individual debtor filing a voluntary bankruptcy case. Merely citing back to a general fee statute does not change that analysis. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank,* 566 U.S. 639, 645 (2012):

> A well established canon of statutory interpretation succinctly captures the problem:"[I]t is a commonplace of statutory construction that the specific governs the general." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992). That is particularly true where, as in §1129(b)(2)(A), "Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions." *Varity Corp. v. Howe,* 516 U.S. 489, 519, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996) (Thomas, J., dissenting); *see also HCSC-Laundry v. United States*, 450 U.S. 1, 6, 101 S. Ct. 836, 67 L. Ed. 2d 1 (1981) (*per curiam*) (the specific governs the general "particularly when the two are interrelated and closely positioned, both in fact being parts of [the same statutory scheme]").

Congress expressly provides that it is under the procedures proscribed by the Judicial Conference, and the statute does not further state "and any other statute enacted by Congress," and only those procedures, that a district court or bankruptcy court may waive the filing fees - which do not include the waiving of the fees for commencing an involuntary Chapter 7 bankruptcy case. Relief from the prior order denying Mr. Bonilla's request for waiver of the ninety-eight (98) involuntary bankruptcy petition filing fees is denied.

In concluding, the court notes that the extremely detailed, well articulated contentions and arguments advanced by Mr. Bonilla demonstrate that his desire to commence involuntary bankruptcy cases against the judges and justices who are not granting the relief he seeks in their exercise of their federal and state court jurisdiction clearly documents that they are a backdoor attempt to have a limited scope jurisdiction federal speciality court adjudicate his assertion that the State Court conviction is void for lack of jurisdiction. While that is his desire, jurisdiction arising under 28 U.S.C. § 1334 as exercised by this bankruptcy court does not go that far.

The Motion for Relief From the Prior Order of this Court (Dckt. 120) is denied.

This Memorandum Opinion and Decision, which incorporates herein the prior Memorandum Opinion and Decision and Order Thereon (Dckt. 120) by this reference, constitutes the court's

Findings of Fact and Conclusions of Law in denying the present Motion.

The court shall issue a separate order consistent with this Ruling.

**Dated:** October 02, 2019

**By the Court**

**Ronald H. Sargis, Judge**
**United States Bankruptcy Court**

# Instructions to Clerk of Court

**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked **_XX__**, via the U.S. mail.

Steven Wayne Bonilla
J-48500, 3-EY-13
San Quentin, CA 94974